**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

| | | |
|---|---|---|
| **WALTER KELLY ROWE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 3:04-0681** |
| | ) | |
| **JAKE CLARK,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending in this matter is Defendant Jake Clark's Motion for Summary Judgment (Document No. 57.) Having conducted a thorough examination of the record, the undersigned has determined that Mr. Clark's Motion for Summary Judgment must be denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff was involved in a fight with another inmate at Western Regional Jail on Thursday, June 24, 2004, and was restrained. On July 6, 2004, Plaintiff filed his Complaint[1] (Document No. 3.) naming Mr. Larry Parsons, Administrator of the Western Regional Jail, as the Defendant and alleging that as Western Regional Jail staff were trying to restrain him, an unknown person who was not an employee of the facility participated in his restraint and caused him bodily injury.[2] Plaintiff stated as follows:

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] Plaintiff also filed an Application to Proceed *in forma pauperis*. (Document No. 1.) By Order filed on October 29, 2004, the Court granted Plaintiff's Application requiring him to pay an initial partial filing fee of $16. (Document No. 5.) Plaintiff paid $25 on November 5, 2004. (Document No. 6.) He made payments thereafter with his last payment being on May 5, 2005. (Document No. 38.) Plaintiff continues to owe $70.

Mr. Parsons should not have people that is not employed here at the jail getting involved in a jail house matter. The unknown man had not right to put his hands on me because there were enough correctional officers there. The unknown threatened to break my arm by pulling really hard behind my back. Upon him doing so, he has dislocated my shoulder. I reported this to medical, shift supervisor, and the administrator. I have asked for the unknown man's name, and no one will give me the info I need.

(Document No. 3.) Plaintiff therefore claimed that someone at Western Regional Jail used excessive force in restraining him in violation of his rights under the Eighth Amendment of the United States Constitution and 42 U.S.C. § 1983. Plaintiff requested "relief from pain, suffering and medical costs, if any, that I may have to pay."

On November 22, 2004, Mr. Parsons filed a Motion to Dismiss and a Memorandum in Support. (Document Nos. 10 and 11.) Mr. Parsons contended that Plaintiff's claims should be dismissed because (1) Plaintiff failed to exhaust administrative remedies; (2) Plaintiff's suit against Mr. Parsons as Administrator of the Western Regional Jail is prohibited under the Eleventh Amendment of the United States Constitution; and (3) Mr. Parsons has qualified immunity. In support if its claim that Plaintiff had not exhausted administrative remedies, Mr. Parsons submitted as an attachment to his Memorandum in Support (Document No. 11.) the November 19, 2004, Affidavit of Mr. John L. King, Chief of Operations for the Western Regional Jail and Correctional Facility Authority. Mr. King states that "I have reviewed the Inmate Grievance procedure and the Inmate Correspondence and Grievance Appeal files. I have found that Inmate Rowe has not filed any Inmate Grievance appeal concerning the subject matter of this case."

On November 24, 2004, Plaintiff filed a Counter Claim for Motion to Dismiss. (Document No. 13.) Attaching a copy of his grievance, Plaintiff stated that he went through the administrative remedy process at Western Regional Jail. Plaintiff further indicated that he named Mr. Parsons as

2

the Defendant because he did not know the name of the person who injured him as he was being restrained. Plaintiff stated that he believed that the person did not work at Western Regional Jail and was a home confinement officer.

On December 3, 2004, Mr. Parsons filed the same documents which are Document Nos. 10 (Motion to Dismiss) and 11 (Memorandum in Support) as Document Nos. 17 and 18 in this matter.

On January 18, 2005, Plaintiff filed an Objection to Defendant's Motion to Dismiss/Summary Judgment Amended. (Document No. 23.) Plaintiff asserted that Mr. Parsons' Motion to Dismiss was premature as Plaintiff had not had enough time for discovery. Plaintiff attached two Affidavits to his Objection: the Affidavit of Billy Joe Pilfrey stating that administrators at Western Regional Jail do not honor the inmate grievance system, destroy and cover up evidence of violations of inmates' rights and beat inmates; and Plaintiff's Affidavit stating that administrators at Western Regional Jail do not honor the inmate grievance system and Mr. John King cannot know whether Plaintiff filed grievances as Western Regional Jail staff as "the defendants are in control of all paper work within the Western Regional Jail Inmate and Administrative Correspondence System and . . . may add or remove any document they choose to destroy at any time . . .."

On January 20, 2005, Plaintiff filed an Amended Complaint. (Document No. 24.)  Plaintiff alleged that he learned that the person who had participated in restraining him on June 24, 2004, was Mr. Jake Clark, a home confinement officer, who was "not an employee of the Western Regional Jail, nor was the Plaintiff in his custody at that time under home confinement. Therefore as only a visitor to the Western Regional Jail, he could not legally interfere or involve himself in any aspect of jail operations. He just saw an opportunity to inflict pain and suffering on an inmate and took it with no concern for the inmate's rights." Plaintiff also submitted the Affidavit of Mr. Roger

3

Wileman, an inmate. Mr. Wileman stated that he saw Plaintiff being restrained on June 24, 2004, and saw Mr. Clark participating in it. (Document No. 25.)

On January 27, 2010, Mr. Parsons filed a Reply to Plaintiff's Objection to Defendant's Motion to Dismiss/Summary Judgment Amended. (Document No. 27.) Mr. Parsons contended that he was entitled to summary judgment because Plaintiff had failed to exhaust administrative remedies and "makes no allegation of a Constitutionally cognizable claim that [Mr. Parsons] in any way violated a right, privilege, or immunity secured by the United States Constitution or federal law."

On March 28, 2005, Plaintiff filed a Motion to Amend his Complaint to add Mr. Clark as a Defendant. (Document No. 35.)

On September 21, 2005, the Court granted Plaintiff's Motion to Amend. (Document No. 41.) and the Clerk issued a Summons to be served upon Mr. Clark. (Document No. 42.)

On September 29, 2005, the District Court filed a Memorandum Opinion and Order granting Mr. Parsons' Motion to Dismiss. (Document No. 45.)

On October 14, 2005, Mr. Clark filed his Answer to Plaintiff's Amended Complaint denying Plaintiff's allegations against him and stating several defenses affirmatively including that "[t]his Defendant had no interaction whatsoever with the Plaintiff on the date of the alleged incident . . .." (Document No. 49.)

The Court entered a Time Frame Order on October 20, 2005, allowing about five months for discovery and setting a date thereafter for the parties to file dispositive motions. (Document No. 50.) It appears that the parties engaged in written discovery. (Document Nos. 51 - 56.) On November 8, 2005, Plaintiff filed a Motion Requesting Production of All Incident Reports. (Document No. 53.) On November 28, 2005, counsel for Mr. Parsons, Attorney Chad Cardinal, filed

a copy of a letter to Plaintiff stating "[b]e advised that Mr. Parsons was dismissed from this civil action by order of the Court entered September 28, 2005. Therefore, I believe you Motion requesting production of incident reports is misplaced." (Document No. 55.)

On March 20, 2006, Mr. Clark filed a Motion for Summary Judgment and Memorandum in Support including his Affidavit. (Document Nos. 57 and 58.) Mr. Clark stated that he worked for the Cabell County Sheriff's Department as a home confinement officer. At times in his work, he transported, oversaw and guarded inmates as they worked in the community. Mr. Clark stated that at 7:31 a.m. on June 24, 2004, he picked up four inmates at Western Regional Jail and transported them to Cabell County Fairgrounds. Mr. Clark supervised the inmates as they mowed the fairgrounds, and Mr. Clark returned them to the Jail at 4:27 p.m. Thus, Mr. Clark asserted that he was not at the Western Regional Jail when the incident about which Plaintiff complains occurred. Mr. Clark attached a copy of a Daily Movement Log for June 24, 2004, indicating that four inmates were taken out of Western Regional Jail at 7:31a.m and returned at 4:27 p.m. to his Affidavit.[3] Mr. Clark also attached a copy of the Cabell County Farm Crew Weekly Calendar indicating that the same inmates who left the Jail at those times on June 24, 2004, worked eight hours at the fairgrounds.[4]

On April 17, 2006, Plaintiff filed his Opposition to Mr. Clark's Motion for Summary Judgement. (Document No. 60.)Plaintiff stated that summary judgment is not appropriate because he did not have sufficient discovery of the facts. Plaintiff stated that he requested incident reports

---

[3] The Movement Log does not indicate that Mr. Clark took the inmates from and returned them to Western Regional Jail.

[4] It appears that Mr. Clark prepared and signed the Calendar.

when Mr. Parsons was a Defendant in this case and never received them. Plaintiff further stated that Mr. Parsons identified Mr. Clark as the person who caused him personal injury on June 24, 2004. Plaintiff attached a copy of his request for production of incident reports and his Freedom of Information Act Request for the same information.

On April 21, 2006, Plaintiff filed a Motion for Continuance of Summary Judgment to Permit Discovery citing Federal Rule of Civil Procedure 56(f).[5] (Document No. 61.) Plaintiff asserted that "without the opportunity to obtain information from the Western Regional Jail, the Plaintiff will be denied his right to evidence that is available that may directly establish the defendant's presence and direct involvement in the subject incident that occurred on June 24, 2004." Plaintiff requested an extension of time to complete discovery and await the Western Regional Jail's response to his Freedom of Information Act Request for incident reports respecting the events of June 24, 2004. Plaintiff submited his Affidavit in support of his Motion.

On May 9, 2006, Plaintiff filed two Motions to Amend Complaint – Asserting Lack of Knowledge of Facts at time of Original Complaint (Document Nos. 62 and 64.), a Memorandum in Support  (Document No. 63.) and a Proposed Amended Complaint (Document No. 64.) Plaintiff requested that he be permitted to add Officers Vicki Greene, Daniels, Everseen, Ball, Wiley, Stiltner, Thomas and Hill as Defendants. Plaintiff stated that he diligently requested information about the

---

[5] Rule 56(f) provides as follows:

If a party opposing the motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
(1) deny the motion;
(2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
(3) issue any other just order.

June 24, 2004, incident, i.e., the Incident Reports, and the Defendant at the time, Mr. Parsons, refused to provide them but "identified Jake Clark as the unknown confinement officer mentioned in Plaintiff's complaint and pleadings." By his Amended Complaint, Plaintiff would allege that Mr. Clark used excessive force in restraining him on June 24, 2004, in violation of his constitutional rights and committed an assault and battery upon him and additional officers whom he would name are liable under the doctrine of *respondeat superior* as they adhered to a policy and practice of covering up the use of excessive force upon inmates at Western Regional jail, failing to train and supervise officers and failing to stop Mr. Clark's assault and battery of Plaintiff.

On May 12, 2006, Plaintiff filed the Affidavit of Mr. Michael Estepp an inmate. (Document No. 65.) Mr. Estepp stated that he was in an interview room near where the June 24, 2004, incident occurred and saw Mr. Clark pile on top of Plaintiff and twist his arm while the other jail staff held Plaintiff down. Mr. Estepp further stated that he heard Mr. Clark tell Plaintiff that he would break his arm if Plaintiff did not give him his other hand.

On July 24, 2006, Mr, Clark filed a Supplemental Memorandum in Support of his Motion for Summary Judgment. (Document No. 66.) Mr. Clark reiterated that he was not at Western Regional Jail when the June 24, 2004, incident occurred. He stateed that Mr. Parson's attorney, Mr. Cardinal, identified him as being there based upon information provided to Mr. Cardinal by Lieutenant Vicki Greene. Mr. Clark attached the Affidavits of Lieutenant Greene and Attorney Cardinal. Lieutenant Greene stated that "After providing the information to Attorney Cardinal, I have sine come to learn that Jake Clark, the home confinement officer who I had previously identified, and whol Attorney Cardinal provided to Plaintiff as the home confinement officer involved in restraining Mr. Rowe after the June 24, 2004, fight was not present at the Western

Regional Jail during the June 24, 2004, incident and took no part in breaking up the fight or restraining Mr. Rowe following the fight." Attorney Cardinal stated that "I have now come to learn that Lieutenant Greene was incorrect in her identification of Jake Clark as an individual who was present and/or participated in the June 24, 2004 incident involving Plaintiff." Mr. Clark further attached a copy of the Western Regional Jail & Correction Facility Authority Log for June 24, 2004, stating that "[a] review of the log-book pages for that day clearly indicate that Jake Clark was not present at any time at Western regional jail on June 24, 2004." Mr. Clark further argued that Mr. Estepp's Affidavit should be disregarded because the Western Regional Jail's Movement Log for June 24, 2004, indicated that Mr. Estepp did not leave his cell that day and so could not have been in an interview room and witnessed the incident as he states.[6]

On August 15, 2006, Plaintiff filed a Motion in Opposition to Mr. Clark's "Second" Motion for Summary Judgment and Memorandum in Support. (Document Nos. 67 and 68.) Plaintiff stated that all along he has alleged that someone whom he later learned was Mr. Clark came from booking and assaulted him on June 24, 2004, and Mr. Clark has acknowledged that if he was there to pick

---

[6] The Affidavits of Lieutenant Greene and Attorney Cardinal are Exhibits A and B attached to Mr. Clark's Supplemental Memorandum. Both Affidavits state that a copy of the Incident Report covering the June 24, 2004, incident is attached. It is not. On Friday, August 13, 2010, the Court Ordered counsel to file the Incident Report promptly. (Document No. 76.) Counsel has not done so. Lieutenant Greene states in her Affidavit that a copy of the Inmate Movement sheet is attached. It is not. Rather, a copy is attached as Exhibit E to Mr. Clark's Supplemental Memorandum, and it appears to have been dated "3 June, 2004" initially and changed to "24 June 2004". A copy of the Western Regional Jail & Correctional Facility Authority Log for June 24, 2004, is attached to Mr. Clark's Supplemental Memorandum as Exhibit C. The time of the first entry in the Western Regional Jail & Correctional Facility Authority Log for June 24, 2004, is 7:54 a.m. indicating that an "inmate count will begin" and the last entry is 16:32 p.m. Mr. Clark states in his Affidavit that at 7:31 a.m. on June 24, 2004, he picked up four inmates at Western Regional Jail and returned them to the Jail at 4:27 p.m. There is no mention in the Western Regional Jail & Correctional Facility Authority Log for June 24, 2004, of Mr. Clark's taking inmates out of Western Regional Jail or returning them there that day. A copy of Mr. Estepp's Affidavit is attached as Exhibit D.

up and return inmates that day, he would have been in booking. Plaintiff further argued that Mr. Clark improperly requested that the District Court enter summary judgment when there had not been sufficient time for discovery. Finally, Plaintiff asserted that Mr. Clark was improperly seeking summary judgment on the basis of affidavits. Plaintiff submits the further Affidavit of Mr. Roger Wileman (Document No. 69.)[7] and his own Affidavit (Document No. 71.) and resubmitted the Affidavit of Mr. Estepp (Document No. 70.) in support of his claims.

## THE STANDARD

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Once the moving party demonstrates the lack of evidence to support the non-moving party's claims, the non-moving party must go beyond the pleadings and make a sufficient showing of facts presenting a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct.1348, 89 L.Ed.2d 538 (1986). All inferences must be drawn from the underlying facts in the light most favorable to the non-moving party. Matsushita, 475 U.S. at 587, 106 S.Ct. at 1356. Summary judgment is required when a party fails to make a showing sufficient to establish an essential element of a claim, even if there are genuine factual issues proving other elements of the claim. Celotex, 477 U.S. at 322-23, 106 S.Ct. at 2552-53. Generally speaking, therefore, summary judgment will be granted unless a reasonable jury could return a verdict for the non-moving party

---

[7] Plaintiff first filed an Affidavit of Mr. Roger Wileman on January 20, 2005. (Document No. 25.) Mr. Wileman stated that "as [Plaintiff] was lying face down with certain officers on top of him, I did see Jake Clark grab [Plaintiff] by the right arm and twist it then put it behind [Plaintiff]'s back." Mr. Wileman stated further that "time after time I did hear Jake Clark tell [Plaintiff] that he would break his arm."

on the evidence presented. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If no facts or inferences which can be drawn from the circumstances will support Plaintiff's claims, summary judgment is appropriate.

## <u>DISCUSSION</u>

The Eighth Amendment, applicable to the States through the Due Process Clause of the Fourteenth Amendment, protects against the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII; <u>See</u> <u>Wilson v. Seiter</u>, 501 U.S. 294, 296-97, 111 S.Ct. 2321, 2323, 115 L.Ed.2d 271 (1991). As a general matter, upon incarceration prohibited punishments include those which "involve the unnecessary and wanton infliction of pain." <u>Estelle v. Gamble</u>, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976)(*quoting* <u>Gregg v. Georgia</u>, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)). The Eighth Amendment "not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." <u>Williams v. Benjamin</u>, 77 F.3d 756, 761 (4th Cir. 1996). In the context of prison officials' use of force upon an inmate, the appropriate inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." <u>Whitley v. Albers</u>, 475 U.S. 312, 320-21, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986) (citations omitted). To establish a violation of the Eighth Amendment in the context of a challenge to prison officials' use of force, an inmate must allege (1) that the prison officials acted with a "sufficiently culpable state of mind" under a subjective standard and (2) "sufficiently serious" conduct under an objective standard. <u>Wilson v. Seiter</u>, 501 U.S. 294, 297-99, 111 S.Ct. 2321, 2323-25, 115 L.Ed.2d 271 (1991).

To establish the subjective component, an inmate must demonstrate that prison officials applied force "maliciously and sadistically for the very purpose of causing harm." <u>Whitley</u>, 475 U.S.

10

at 320-21, 106 S.Ct. at 1085. In determining whether prison officials acted maliciously and sadistically, the following factors must be balanced: (1) "the need for application of force," (2) "the relationship between that need and the amount of force used," (3) "the threat reasonably perceived by the responsible officials," and (4) "any efforts made to temper the severity of a forceful response." Hudson v. McMillian, 503 U.S. 1, 7, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992). Additionally, the absence of serious injury is relevant to the determination of prison officials' culpable intent, but is not dispositive. Id.

To establish the objective component, an inmate must demonstrate more than *de minimis* pain or injury. See Hudson, 503 U.S. at 9, 112 S.Ct. at 1000; Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). The objective component standard is significantly less demanding than required in the context of challenges to conditions of confinement because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." Hudson, 503 U.S. at 9, 112 S.Ct. at 1000 ("This is true whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury.") Dislocation of a shoulder in the handcuffing a person and the resulting pain may constitute more than a *de minimis* injury. See Bane v. Virginia Department of Corrections, 267 F.Supp.2d 514, 532 (W.D.Va. 2003).

Submitting his own Affidavit, Defendant Clark requests that the District Court grant him summary judgment because though he was at Western Regional Jail in the morning and evening of June 24, 2004, he was not there and therefore could not have participated at all in restraining

Plaintiff after he had been in a fight with another inmate.[8] Mr. Clark submitted a copy of a Movement Log indicating that four inmates were taken out of the Jail at 7:31 a.m. and returned to the Jail at 4:27 p.m. and spent the day working at the fairgrounds as Mr. Clark states. It is not conclusively evident, however, that Mr. Clark took the inmates from the Jail and returned them at those times or that he was at the fairgrounds supervising them the entire day. Mr. Clark submitted the further Affidavits of Lieutenant Greene and Attorney Cardinal to explain how he had been mistakenly identified as the person whom Plaintiff refers to in his Complaint. On the other hand, Plaintiff submits his own Affidavit and the Affidavits of Mr. Wileman and Mr. Estepp indicating that Mr. Clark was the person to whom Plaintiff refers in his Complaint. Mr. Clark submitted a copy of the Jail's Movement Log claiming that Mr. Estepp could not have seen him at the Jail as Mr. Estepp did not leave his cell on June 24, 2004. As noted above, however, the copy of the Movement Log appears to have been dated "3 June, 2004" initially and changed to "24 June 2004". It is therefore less than certain that the Movement Log applies to June 24, 2004. For this reason, the undersigned finds that the Movement Log does not undermine Mr. Estepp's Affidavit. Furthermore, as the undersigned also noted above, though Mr. Clark claims to have been at the Western Regional Jail in the morning and the evening of June 24, 2004, the Western Regional Jail & Correctional Facility Authority Log for June 24, 2004, which Mr. Clark submitted does not indicate that he was. Based upon the Affidavits and evidence of record and inferences from them viewed in a light favorable to Plaintiff, the undersigned cannot conclude that Mr. Clark was not at Western Regional

---

[8] Mr. Clark has not moved to dismiss this matter for Plaintiff's failure to state a claim for which relief can be granted. Indeed, Plaintiff states a claim for which relief can be granted charging that Mr. Clark used excessive force in restraining him at Western Regional Jail on June 24, 2004, and dislocated his shoulder in violation of 42 U.S.C. § 1983. This does not mean that Plaintiff will obtain relief, i.e., compensation for his claim. It only means that Plaintiff can proceed with his claim.

Jail and did not participate in restraining Plaintiff as he claims. Mr. Clark's Motion for Summary Judgment must therefore be denied.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Defendant Clark's Motion for Summary Judgment. (Document No. 57.)

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Chambers, and this Magistrate Judge.

13

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant who is acting *pro se* and whose address is Mr. Walter K. Rowe, DOC# 21458, Stevens Correctional Facility, 795 Virginia Ave., Welch, WV 24801, and transmit a copy to counsel of record.

Date: August 19, 2010.

R. Clarke VanDervort
United States Magistrate Judge

14