IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

| | |
|---|---|
| **WALTER KELLY ROWE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. 3:04-0681 |
| | ) |
| **JAKE CLARK,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Defendant Cindy Stiltner's Motion to Dismiss (Document No. 110.), filed on January 4, 2011, by counsel, Mark W. Browning. The Court notified Plaintiff pursuant to Roseboro v. Garrison, 528 F.2d 304 (4th Cir. 1975), that Plaintiff had the right to file a response to Defendant's Motion and submit Affidavit(s) or statements and/or other legal or factual material supporting his claims as they are challenged by Defendant in moving to dismiss. (Document No. 112.) Plaintiff did not file a Response. Having conducted a thorough examination of the record, the undersigned has determined and hereby respectfully recommends that Defendant Stiltner's Motion to Dismiss should be granted. The undersigned further recommends that Plaintiff's Complaint be dismissed as to Corporal Fisher, Officer Thomas, Officer Wiley, Corporal Everseen, Corporal Daniels, and Vickie Greene unless Plaintiff can demonstrate within the period of time allotted for objecting to this Proposed Findings and Recommendation that there was good cause for his failure to serve them and that the District Court dismiss this entire action if Plaintiff does not notify the Court by September 5, 2011, that he continues to be interested in proceeding with this case.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was involved in a fight with another inmate at Western Regional Jail on Thursday, June 24, 2004, and was restrained. On July 6, 2004, Plaintiff filed his Complaint[1] (Document No. 3.) naming Mr. Larry Parsons, Administrator of the Western Regional Jail, as the Defendant and alleging that as Western Regional Jail staff were trying to restrain him, an unknown person who was not an employee of the facility participated in his restraint and caused him bodily injury.[2] Plaintiff stated as follows:

> Mr. Parsons should not have people that is not employed here at the jail getting involved in a jail house matter. The unknown man had no right to put his hands on me because there were enough correctional officers there. The unknown threatened to break my arm by pulling really hard behind my back. Upon him doing so, he has dislocated my shoulder. I reported this to medical, shift supervisor, and the administrator. I have asked for the unknown man's name, and no one will give me the info I need.

(Document No. 3.) Plaintiff therefore claimed that someone at Western Regional Jail used excessive force in restraining him in violation of his rights under the Eighth Amendment of the United States Constitution and 42 U.S.C. § 1983. Plaintiff requested "relief from pain, suffering and medical costs, if any, that I may have to pay."

On November 22, 2004, Mr. Parsons filed a Motion to Dismiss and a Memorandum in Support. (Document Nos. 10 and 11.) Mr. Parsons contended that Plaintiff's claims should be

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] Plaintiff also filed an Application to Proceed *in forma pauperis*. (Document No. 1.) By Order filed on October 29, 2004, the Court granted Plaintiff's Application requiring him to pay an initial partial filing fee of $16. (Document No. 5.) Plaintiff paid $25 on November 5, 2004. (Document No. 6.) He made payments thereafter with his last payment being on May 5, 2005. (Document No. 38.) Plaintiff continues to owe $70.

dismissed because (1) Plaintiff failed to exhaust administrative remedies; (2) Plaintiff's suit against Mr. Parsons as Administrator of the Western Regional Jail is prohibited under the Eleventh Amendment of the United States Constitution; and (3) Mr. Parsons has qualified immunity. In support of its claim that Plaintiff had not exhausted administrative remedies, Mr. Parsons submitted as an attachment to his Memorandum in Support (Document No. 11.) the November 19, 2004, Affidavit of Mr. John L. King, Chief of Operations for the Western Regional Jail and Correctional Facility Authority. Mr. King states that "I have reviewed the Inmate Grievance procedure and the Inmate Correspondence and Grievance Appeal files. I have found that Inmate Rowe has not filed any Inmate Grievance appeal concerning the subject matter of this case."

On November 24, 2004, Plaintiff filed a Counter Claim for Motion to Dismiss. (Document No. 13.) Attaching a copy of his grievance, Plaintiff stated that he went through the administrative remedy process at Western Regional Jail. Plaintiff further indicated that he named Mr. Parsons as the Defendant because he did not know the name of the person who injured him as he was being restrained. Plaintiff stated that he believed that the person did not work at Western Regional Jail and was a home confinement officer.

On December 3, 2004, Mr. Parsons filed the same documents which are Document Nos. 10 (Motion to Dismiss) and 11 (Memorandum in Support) as Document Nos. 17 and 18 in this matter.

On January 18, 2005, Plaintiff filed an Objection to Defendant's Motion to Dismiss/Summary Judgment Amended. (Document No. 23.) Plaintiff asserted that Mr. Parsons' Motion to Dismiss was premature as Plaintiff had not had enough time for discovery. Plaintiff attached two Affidavits to his Objection: the Affidavit of Billy Joe Pilfrey stating that administrators at Western Regional Jail do not honor the inmate grievance system, destroy and cover up evidence

3

of violations of inmates' rights and beat inmates; and Plaintiff's Affidavit stating that administrators at Western Regional Jail do not honor the inmate grievance system and Mr. John King cannot know whether Plaintiff filed grievances as Western Regional Jail staff as "the defendants are in control of all paper work within the Western Regional Jail Inmate and Administrative Correspondence System and . . . may add or remove any document they choose to destroy at any time . . .."

On January 20, 2005, Plaintiff filed an Amended Complaint. (Document No. 24.) Plaintiff alleged that he learned that the person who had participated in restraining him on June 24, 2004, was Mr. Jake Clark, a home confinement officer, who was "not an employee of the Western Regional Jail, nor was the Plaintiff in his custody at that time under home confinement. Therefore as only a visitor to the Western Regional Jail, he could not legally interfere or involve himself in any aspect of jail operations. He just saw an opportunity to inflict pain and suffering on an inmate and took it with no concern for the inmate's rights." Plaintiff also submitted the Affidavit of Mr. Roger Wileman, an inmate. Mr. Wileman stated that he saw Plaintiff being restrained on June 24, 2004, and saw Mr. Clark participating in it. (Document No. 25.)

On January 27, 2005, Mr. Parsons filed a Reply to Plaintiff's Objection to Defendant's Motion to Dismiss/Summary Judgment Amended. (Document No. 27.) Mr. Parsons contended that he was entitled to summary judgment because Plaintiff had failed to exhaust administrative remedies and "makes no allegation of a Constitutionally cognizable claim that [Mr. Parsons] in any way violated a right, privilege, or immunity secured by the United States Constitution or federal law."

On March 28, 2005, Plaintiff filed a Motion to Amend his Complaint to add Mr. Clark as a Defendant. (Document No. 35.) On September 21, 2005, the Court granted Plaintiff's Motion to Amend. (Document No. 41.) and the Clerk issued a Summons to be served upon Mr. Clark.

(Document No. 42.)

On September 29, 2005, the District Court filed a Memorandum Opinion and Order granting Mr. Parsons' Motion to Dismiss. (Document No. 45.)

On October 14, 2005, Mr. Clark filed his Answer to Plaintiff's Amended Complaint denying Plaintiff's allegations against him and stating several defenses affirmatively including that "[t]his Defendant had no interaction whatsoever with the Plaintiff on the date of the alleged incident . . .." (Document No. 49.)

The Court entered a Time Frame Order on October 20, 2005, allowing about five months for discovery and setting a date thereafter for the parties to file dispositive motions. (Document No. 50.) It appears that the parties engaged in written discovery. (Document Nos. 51 - 56.) On November 8, 2005, Plaintiff filed a Motion Requesting Production of All Incident Reports. (Document No. 53.) On November 28, 2005, counsel for Mr. Parsons, Attorney Chad Cardinal, filed a copy of a letter to Plaintiff stating "[b]e advised that Mr. Parsons was dismissed from this civil action by order of the Court entered September 28, 2005. Therefore, I believe your Motion requesting production of incident reports is misplaced." (Document No. 55.)

On March 20, 2006, Mr. Clark filed a Motion for Summary Judgment and Memorandum in Support including his Affidavit. (Document Nos. 57 and 58.) Mr. Clark stated that he worked for the Cabell County Sheriff's Department as a home confinement officer. At times in his work, he transported, oversaw and guarded inmates as they worked in the community. Mr. Clark stated that at 7:31 a.m. on June 24, 2004, he picked up four inmates at Western Regional Jail and transported them to Cabell County Fairgrounds. Mr. Clark supervised the inmates as they mowed the fairgrounds, and Mr. Clark returned them to the Jail at 4:27 p.m. Thus, Mr. Clark asserted that he

was not at the Western Regional Jail when the incident about which Plaintiff complains occurred. Mr. Clark attached a copy of a Daily Movement Log for June 24, 2004, indicating that four inmates were taken out of Western Regional Jail at 7:31a.m and returned at 4:27 p.m. to his Affidavit.[3] Mr. Clark also attached a copy of the Cabell County Farm Crew Weekly Calendar indicating that the same inmates who left the Jail at those times on June 24, 2004, worked eight hours at the fairgrounds.[4]

On April 17, 2006, Plaintiff filed his Opposition to Mr. Clark's Motion for Summary Judgement. (Document No. 60.)Plaintiff stated that summary judgment is not appropriate because he did not have sufficient discovery of the facts. Plaintiff stated that he requested incident reports when Mr. Parsons was a Defendant in this case and never received them. Plaintiff further stated that Mr. Parsons identified Mr. Clark as the person who caused him personal injury on June 24, 2004. Plaintiff attached a copy of his request for production of incident reports and his Freedom of Information Act Request for the same information.

On April 21, 2006, Plaintiff filed a Motion for Continuance of Summary Judgment to Permit Discovery citing Federal Rule of Civil Procedure 56(f). (Document No. 61.) Plaintiff asserted that "without the opportunity to obtain information from the Western Regional Jail, the Plaintiff will be denied his right to evidence that is available that may directly establish the defendant's presence and direct involvement in the subject incident that occurred on June 24, 2004." Plaintiff requested an extension of time to complete discovery and await the Western Regional Jail's response to his

---

[3] The Movement Log does not indicate that Mr. Clark took the inmates from and returned them to Western Regional Jail.

[4] It appears that Mr. Clark prepared and signed the Calendar.

Freedom of Information Act Request for incident reports respecting the events of June 24, 2004. Plaintiff submitted his Affidavit in support of his Motion.

On May 9, 2006, Plaintiff filed two Motions to Amend Complaint – Asserting Lack of Knowledge of Facts at time of Original Complaint (Document Nos. 62 and 64.), a Memorandum in Support (Document No. 63.) and a Proposed Amended Complaint (Document No. 64.) Plaintiff requested that he be permitted to add Officers Vicki Greene, Daniels, Everseen, Ball, Wiley, Stiltner, Thomas and Hill as Defendants. Plaintiff stated that he diligently requested information about the June 24, 2004, incident, i.e., the Incident Reports, and the Defendant at the time, Mr. Parsons, refused to provide them but "identified Jake Clark as the unknown confinement officer mentioned in Plaintiff's complaint and pleadings." By his Amended Complaint, Plaintiff would allege that Mr. Clark used excessive force in restraining him on June 24, 2004, in violation of his constitutional rights and committed an assault and battery upon him and additional officers whom he would name are liable under the doctrine of *respondeat superior* as they adhered to a policy and practice of covering up the use of excessive force upon inmates at Western Regional jail, failing to train and supervise officers and failing to stop Mr. Clark's assault and battery of Plaintiff.

On May 12, 2006, Plaintiff filed the Affidavit of Mr. Michael Estepp an inmate. (Document No. 65.) Mr. Estepp stated that he was in an interview room near where the June 24, 2004, incident occurred and saw Mr. Clark pile on top of Plaintiff and twist his arm while the other jail staff held Plaintiff down. Mr. Estepp further stated that he heard Mr. Clark tell Plaintiff that he would break his arm if Plaintiff did not give him his other hand.

On July 24, 2006, Mr, Clark filed a Supplemental Memorandum in Support of his Motion for Summary Judgment. (Document No. 66.) Mr. Clark reiterated that he was not at Western

Regional Jail when the June 24, 2004, incident occurred. He stated that Mr. Parson's attorney, Mr. Cardinal, identified him as being there based upon information provided to Mr. Cardinal by Lieutenant Vicki Greene. Mr. Clark attached the Affidavits of Lieutenant Greene and Attorney Cardinal. Lieutenant Greene stated that "After providing the information to Attorney Cardinal, I have since come to learn that Jake Clark, the home confinement officer who I had previously identified, and who Attorney Cardinal provided to Plaintiff as the home confinement officer involved in restraining Mr. Rowe after the June 24, 2004, fight was not present at the Western Regional Jail during the June 24, 2004, incident and took no part in breaking up the fight or restraining Mr. Rowe following the fight." Attorney Cardinal stated that "I have now come to learn that Lieutenant Greene was incorrect in her identification of Jake Clark as an individual who was present and/or participated in the June 24, 2004 incident involving Plaintiff." Mr. Clark further attached a copy of the Western Regional Jail & Correction Facility Authority Log for June 24, 2004, stating that "[a] review of the log-book pages for that day clearly indicate that Jake Clark was not present at any time at Western regional jail on June 24, 2004." Mr. Clark further argued that Mr. Estepp's Affidavit should be disregarded because the Western Regional Jail's Movement Log for June 24, 2004, indicated that Mr. Estepp did not leave his cell that day and so could not have been in an interview room and witnessed the incident as he states.[5]

---

[5] The Affidavits of Lieutenant Greene and Attorney Cardinal are Exhibits A and B attached to Mr. Clark's Supplemental Memorandum. Both Affidavits state that a copy of the Incident Report covering the June 24, 2004, incident is attached. It is not. Lieutenant Greene states in her Affidavit that a copy of the Inmate Movement sheet is attached. It is not. Rather, a copy is attached as Exhibit E to Mr. Clark's Supplemental Memorandum, and it appears to have been dated "3 June, 2004" initially and changed to "24 June 2004". A copy of the Western Regional Jail & Correctional Facility Authority Log for June 24, 2004, is attached to Mr. Clark's Supplemental Memorandum as Exhibit C. The time of the first entry in the Western Regional Jail & Correctional Facility Authority Log for June 24, 2004, is 7:54 a.m. indicating that an "inmate count will begin" and the last entry

On August 15, 2006, Plaintiff filed a Motion in Opposition to Mr. Clark's "Second" Motion for Summary Judgment and Memorandum in Support. (Document Nos. 67 and 68.) Plaintiff stated that all along he has alleged that someone whom he later learned was Mr. Clark came from booking and assaulted him on June 24, 2004, and Mr. Clark has acknowledged that if he was there to pick up and return inmates that day, he would have been in booking. Plaintiff further argued that Mr. Clark improperly requested that the District Court enter summary judgment when there had not been sufficient time for discovery. Finally, Plaintiff asserted that Mr. Clark was improperly seeking summary judgment on the basis of affidavits. Plaintiff submits the further Affidavit of Mr. Roger Wileman (Document No. 69.)[6] and his own Affidavit (Document No. 71.) and resubmitted the Affidavit of Mr. Estepp (Document No. 70.) in support of his claims.

On August 13, 2010, the undersigned ordered defense counsel to file a copy of the Incident Report, which was referenced in Lieutenant Greene and Attorney Cardinal's Affidavits. (Document No. 76.)

By Proposed Findings and Recommendation entered on August 19, 2010, the undersigned recommended that the District Court deny Defendant Clark's Motion for Summary Judgment as "the undersigned cannot conclude that Mr. Clark was not at Western Regional Jail and did not participate

---

is 16:32 p.m. Mr. Clark states in his Affidavit that at 7:31 a.m. on June 24, 2004, he picked up four inmates at Western Regional Jail and returned them to the Jail at 4:27 p.m. There is no mention in the Western Regional Jail & Correctional Facility Authority Log for June 24, 2004, of Mr. Clark's taking inmates out of Western Regional Jail or returning them there that day. A copy of Mr. Estepp's Affidavit is attached as Exhibit D.

[6] Plaintiff first filed an Affidavit of Mr. Roger Wileman on January 20, 2005. (Document No. 25.) Mr. Wileman stated that "as [Plaintiff] was lying face down with certain officers on top of him, I did see Jake Clark grab [Plaintiff] by the right arm and twist it then put it behind [Plaintiff]'s back." Mr. Wileman stated further that "time after time I did hear Jake Clark tell [Plaintiff] that he would break his arm."

9

in restraining Plaintiff as he claims." (Document No. 77.) By Order entered on August 19, 2010, the undersigned denied as moot Plaintiff's Motion for Continuance of Summary Judgment to Permit Discovery, granted Plaintiff's Motion to Amend his Complaint, and directed the Clerk to issue process upon those persons named as Defendants in Plaintiff's Amended Complaint. (Document No. 78.) On August 19 and 20, 2011, the Clerk issued process for the following individuals: (1) Vickie Greene; (2) Corporal Fisher; (3) Corporal Daniels; (4) Corporal Everseen; (5) Officer Ball; (6) Officer Wiley; (7) Officer Stiltner; (8) Officer Thomas; (9) Officer Hill; and (10) Jake Clark. (Document Nos. 80 - 89). On September 8, 2010, Defendant Clark filed his Answer to Plaintiff's Amended Complaint. (Document No. 92.)

On September 9, 2010, defense counsel filed his "Response to Order Requiring Production of Incident Reports" stating that "Defendant Clark and his undersigned counsel are not aware of and have not seen any Incident Report with respect to this matter." (Document No. 93.) Defense counsel explained that "[i]t is the understanding of counsel for this Defendant that what was referenced as an 'Incident Report' in the Affidavits attached to the Motion for Summary Judgment, was, in fact, the 'Dailey Shift Log' which was attached as an exhibit to the Affidavits in question and to the Motion for Summary Judgment." (Id.)

By Memorandum Opinion and Order entered on September 9, 2010, United States District Judge Robert C. Chambers adopted the undersigned's recommendation and denied Defendant Clark's Motion for Summary Judgment. (Document No. 94.)

On September 21, 2010, the Summoness were returned executed by the United States Marshal Services as to Officer Hill, Officer Stiltner, and Officer Ball. (Document Nos. 95 - 97.) The Summonses were returned unexecuted by the United States Marshal Services as to Corporal Fisher,

Officer Thomas, Officer Wiley, Corporal Everseen, Corporal Daniels, and Vickie Greene. (Document Nos. 98 - 103.)

On January 4, 2011, Officer Stiltner filed a Motion to Dismiss Amended Complaint (Document No. 110.) and Officer Ball and Officer Hill filed their Answer (Document No. 111.). Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff on January 5, 2011, advising him of the right to file a response to the Defendant Stiltner's Motion to Dismiss. (Document No. 112.) Plaintiff did not file a Response.

On January 7, 2011, the Summons was returned executed by the United States Marshal Service as to Defendant Jake Clark. (Document No. 113.)

## **THE STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009)(quoting Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959. Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment.

11

Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

## DISCUSSION

1. **Officer Stiltner's Motion to Dismiss:**

In her Motion to Dismiss, Officer Stiltner requests dismissal based upon insufficient service of process. (Document No. 110). Officer Stiltner argues that service of process was insufficient because a representative of the Western Regional Jail accepted service on her behalf when she was no longer employed by the jail. In support, Officer Stiltner explains as follows:

> When service of process on Officer Stiltner was accepted by a representative of the Western Regional Jail (Lt. Aldridge) on or about September 8, 2010, it was assumed that service was intended for Officer Greg Stiltner. However, upon further investigation, it was determined that the Plaintiff sought to serve Officer Cindy Stiltner. Cindy Stiltner is no longer employed by the Western Regional Jail. Therefore, although service of process appears to have been completed on Officer Cindy Stiltner, service of process was not completed as the Western Regional Jail cannot accept service of process on an officer who is no longer employed by them. (Officer Greg Stiltner was not involved in the matter concerning the Plaintiff herein, and was not employed by the Western Regional Jail at that time.)

(Id.)

When sufficiency of service is raised as a defense under Rule of Civil Procedure 12(b)(5), the plaintiff has the burden of establishing that service of process has been effectuated in conformity with Rule 4. See Wolfe v. Green, 660 F.Supp.2d 738, 750 (S.D.W.Va. 2009). When it is evident that a party has failed to accomplish service of process pursuant to Rule 4, dismissal is in order. Federal Rule of Civil Procedure 4(e) states how a party must serve a Summons and Complaint upon an individual within a judicial district of the United States as follows:

> **(e)** **Servicing an Individual Within a Judicial District of the United States.**
> Unless federal law provides otherwise, an individual - - other than a minor, an incompetent person, or a person whose waiver has been filed - - may be served in a judicial district of the United States by:

>>(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
>>(2) doing any of the following:
>
>>>(A) delivering a copy of the summons and of the complaint to the individual personally;
>
>>>(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
>>>(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Federal Rule of Civil Procedure 4(m) requires that service of a summons and complaint be made upon a defendant within 120 days of the filing of the complaint. Dismissal of the complaint without prejudice is required upon the plaintiff's failure to accomplish service of process within 120 days unless the plaintiff can show good cause why service was not made within that period.

Based on the foregoing, the undersigned finds that Officer Stiltner's Motion to Dismiss should be granted. It is evident from the record that the attempted service of Officer Stiltner was insufficient because Officer Stiltner was no longer employed by the Western Regional Jail when its representative accepted service on her behalf. Accordingly, service of Officer Stiltner did not occur by means set forth in Rule 4(e). Plaintiff has not shown that he took other steps to effectuate service of process upon Officer Stiltner. Accordingly, Defendant's Motion to Dismiss should be granted.

**2.      <u>Defendants Fisher, Thomas, Wiley, Everseen, Daniels, and Greene</u>:**

Based upon a review of the docket sheet, Plaintiff's Amended Complaint (Document No. 79.) was filed more than a year ago and service of process has not been accomplished upon Corporal

Fisher, Officer Thomas, Officer Wiley, Corporal Everseen, Corporal Daniels, and Vickie Greene.[7] As stated above, Federal Rule of Civil Procedure 4(m) requires that service of a summons and complaint be made upon a defendant within 120 days of the filing of the complaint. Accordingly, Plaintiff is hereby notified that the undersigned recommends Plaintiff's cause of action be dismissed without prejudice as to Corporal Fisher, Officer Thomas, Officer Wiley, Corporal Everseen, Corporal Daniels, and Vickie Greene unless Plaintiff can show good cause why service was not made within the 120-day period.[8]

### 3. **Defendants Hill, Ball, and Clark:**

Based upon a review of the record, service of process was returned executed as to Defendants Hill, Ball, and Clark. (Document Nos. 95, 97, and 113.) Defendant Clark filed his Answer to the Amended Complaint on September 8, 2010, and Defendants Hill and Ball filed their Answer on January 4, 2011. (Document Nos. 92 and 111.) A review of the docket sheet indicates that Plaintiff has taken no action in this case since he filed his Amended Complaint one year ago on August 19, 2010. (Document No. 79.) Before that, Plaintiff did not file a single document for a period of four years as he filed his Response in Opposition to Defendant Clark's Motion for Summary Judgment on August 15, 2006. (Document No. 68 - 71.) Furthermore, Plaintiff has not paid any further amount toward the filing fee in this case since May 5, 2005, and has not indicated any change of address though the West Virginia Division of Corrections web page indicates that he

---

[7] Although Plaintiff is proceeding *in forma pauperis*, the Court finds that it is his responsibility to ensure proper service of process. *See* Fed. R. Civ. P. 4(c)(1).

[8] Rule 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court - - on motion or on its own *after notice* to the plaintiff - - must dismiss the action without prejudice against that defendant . . .." (emphasis added)

is now incarcerated at Southwestern Regional Jail, Holden, West Virginia. Thus, it is unclear whether Plaintiff continues to have an interest in prosecuting this action. Accordingly, Plaintiff is notified that pursuant to Rule 41(b) of the Federal Rules of Civil Procedure[9] and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia,[10] the Court possesses the inherent power to dismiss an action for a *pro se* Plaintiff's failure to prosecute *sua sponte*. See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962). If Plaintiff continues to have an interest in prosecuting this matter against Defendants Ball, Hill, and Clark, it is hereby **ORDERED that Plaintiff file a Response notifying the Court that he is interested in proceeding with this case on or before Monday, September 5, 2011. Plaintiff is hereby notified that if he does not file a Response indicating that he is interested in proceeding with this case such that this case should be retained on the Court's docket, the Court will dismiss this action**

---

[9] Rule 41(b) of the Federal Rules of Civil Procedure provides:

**(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

[10] Rule 41.1 of the Local Rules provides:

**Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

**in accordance with Rule 41.1 of the Court's Local Rules.** Of course, if Plaintiff indicates that he continues to be interested in proceeding with this case, the Court will expect him to arrange for the payment of the remainder of the Court's filing fee ($70).

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Defendant Stiltner's Motion to Dismiss (Document No. 110.), **DISMISS** Plaintiff's cause of action as to Corporal Fisher, Officer Thomas, Officer Wiley, Corporal Everseen, Corporal Daniels, and Vickie Greene unless Plaintiff can demonstrate within the period of time allotted for objecting to this Proposed Findings and Recommendation that there was good cause for his failure to serve the above individuals, **DISMISS** this entire action if Plaintiff does not notify the Court by September 5, 2011, that he continues to be interested in proceeding with this case, and, if he does so notify the Court, **REFER** this matter back to the undersigned for further proceedings.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo*

review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Chambers and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se* and whose address is Mr. Walter K. Rowe, DOC# 21458-3, Southwestern Regional Jail, 13 Gaston Caperton Dr., Holden, WV 25625, and transmit a copy to counsel of record.

Date: August 19, 2011.

R. Clarke VanDervort
United States Magistrate Judge